Floyd W. Bybee, #012651
BYBEE LAW CENTER, PLC
4445 E. Holmes Avenue
Suite 107
Mesa, AZ 85206-3398
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Barbara Timms; <br><br> Plaintiff, <br><br> v. <br><br> CREDITONE, L.L.C.; <br><br> Defendant. | No. <br><br><br> COMPLAINT <br><br> (Jury Trial Demanded) |

I. Preliminary Statement

1. Plaintiff brings this action for damages based upon Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 et seq. (hereinafter "FDCPA"). Plaintiff seeks an award of statutory damages, court costs and attorney's fees.

II. Statutory Structure of FDCPA

2. Congress passed the FDCPA to eliminate abusive debt collection

practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses. FDCPA § 1692.

3. The FDCPA is designed to protect consumers who have been victimized by unscrupulous debt collectors regardless of whether a valid debt exists. <u>Baker v. G.C. Services Corp.</u>, 677 F.2d 775, 777 (9th Cir. 1982).

4. The FDCPA defines a "consumer" as any natural person obligated or allegedly obligated to pay any debt. FDCPA § 1692a(3).

5. The FDCPA defines "debt" as any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject or the transaction are primarily for personal, family, or household purposes. FDCPA § 1692a(5).

6. The FDCPA defines "debt collector' as any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. FDCPA § 1692a(6).

7. Any debt collector who fails to comply with the provisions of the FDCPA is liable for any actual damage sustained; statutory damages up to $1,000; attorney's fees as determined by the Court and costs of the action. FDCPA § 1692k.

### III. JURISDICTION

8. Jurisdiction of this Court, over this action and the parties herein, arises under 15 U.S.C. §1692k(d) (FDCPA), and 28 U.S.C. § 1331. Venue lies in the Phoenix Division of the District of Arizona as Plaintiff's claims arose from acts of the Defendant perpetrated therein.

### IV. PARTIES

9. Plaintiff is an individual residing in Maricopa County, Arizona.
10. Plaintiff is allegedly obligated to pay a consumer debt and is a "consumer" as that term is defined by FDCPA § 1692a(3).
11. Defendant CREDITONE, L.L.C. ("Creditone") is a Louisiana limited liability company.
12. Creditone is not licensed as a collection agency by the Arizona Department of Financial Institutions.
13. Creditone collects or attempts to collect debts owed or asserted to be owed or due another.
14. In the alternative, Creditone collects or attempts to collect debts it has purchased after default.
15. Creditone regularly uses the Arizona Courts to collect or attempt to collect debts from consumers.
16. Creditone is a "debt collector" as that term is defined by FDCPA § 1692a(6).

### V. FACTUAL ALLEGATIONS

17. Prior to 2002, Plaintiff took out a consumer loan with American General Finance ("AGF").
18. The AGF loan was used for personal, family, and household purposes.

- 3 -

1  19.  Plaintiff defaulted on the AGF loan in or about 2002.

2  20.  AGF or another debt buyer allegedly sold and assigned the AGF debt
3      to Creditone for collection purposes.

4  21.  On or about March 11, 2009, Creditone mailed or caused to be mailed a
5      letter to Plaintiff concerning the AGF debt. (A copy of the March 11,
6      2009 letter is attached hereto as Exhibit A).

7  22.  Exhibit A was Creditone's initial communication to Plaintiff
8      concerning the AGF debt.

9  23.  On May 6, 2009 Plaintiff wrote Creditone a letter stating that she did
10     not have an account with Creditone and therefore refuses to pay the
11     debt.

12 24.  Plaintiff's letter was received by Creditone on May 12, 2009.

13 25.  On May 11, 2009, Creditone mailed or caused to be mailed a second
14     letter to Plaintiff concerning the AGF debt. (A copy of the May 11, 2009
15     letter is attached hereto as Exhibit B).

16 26.  On or about July 10, 2009, Creditone mailed or caused to be mailed a
17     third letter to Plaintiff concerning the AGF debt. (A copy of the July
18     10, 2009 letter is attached hereto as Exhibit C).

19 27.  On or about December 9, 2009, Creditone mailed or caused to be
20     mailed another letter to Plaintiff concerning the AGF debt. (A copy of
21     the December 9, 2009 letter is attached hereto as Exhibit D).

22 28.  Exhibits C and D were mailed well after Creditone's receipt of
23     Plaintiff's letter stating she refused to pay the debt.

24 29.  In its initial written communication to Plaintiff, Creditone failed to
25     state the amount of the debt allegedly owed as of the date of the letter

1 | as required by FDCPA § 1692g(a)(1).
2 | 30. Creditone also failed to state in its initial written communication to Plaintiff that the amount of the debt might vary from day to day because of, for example, interest, late charges, or other charges.
3 | 31. Creditone failed to notify Plaintiff in its initial written communication of her right to obtain an up to date amount of the debt allegedly due.
4 | 32. The case of <u>Miller v. McCalla</u>, 241 F.3d 872 (7th Cir. 2000), sets forth "[t]he debt collectors duty to state the amount of the debt in cases like this where the amount varies from day to day." Id. at 876.
5 | 33. Creditone failed to comply with that duty.
6 | 34. Defendant's actions as set forth herein were intentional, willful, and in gross or reckless disregard of Plaintiff's rights and part of its persistent and routine practice of debt collection.
7 | 35. In the alternative, Defendant's actions were negligent.

## VI. Causes of Action

### a. Fair Debt Collection Practices Act

36. Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.
37. Defendant's violations of the FDCPA include, but are not necessarily limited to, 15 U.S.C. §§ 1692c(c), 1692e, 1692e(2)(a), 1692d(10), and 1692g.

## VII. DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues so triable.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that judgment be entered against

- 5 -

Defendant for:

    a)    Statutory damages of $1,000 against each Defendant pursuant to FDCPA § 1692k;

    b)    Costs and reasonable attorney's fees pursuant to §1692k; and

    c)    Such other relief as may be just and proper.

DATED   February 9, 2010  .

          s/ Floyd W. Bybee
Floyd W. Bybee, #012651
BYBEE LAW CENTER, PLC
4445 E. Holmes Avenue
Suite 107
Mesa, AZ 85206-3398
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff